IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEBLANC'S U-PAK-IT, INC.** * | |
| * | **CIVIL ACTION NO.:** |
| **VERSUS** * | |
| * | **JUDGE:** |
| **MAXUM INDEMNITY** * | |
| **COMPANY** * | **MAGISTRATE JUDGE:** |
| * | |
| * | **JURY DEMAND** |
| * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Complainant, LeBlanc's U-Pak-It, Inc. (hereinafter "Complainant" or "LeBlanc's"), and files its Complaint for Damages against Defendant, Maxum Indemnity Company (hereinafter "Defendant" or "Maxum"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **LEBLANC'S U-PAK-IT, INC.** ("LeBlanc's"), a business corporation authorized to do and doing business in the State of Louisiana and the Parish of Ouachita, Louisiana.

2. Made Defendant herein is **MAXUM INDEMNITY COMPANY** ("Maxum"), an insurer domiciled in the State of Connecticut who is authorized to do and is doing business in the State of Louisiana and the Parish of Ouachita, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainant and Maxum is located in this District.

## III. RELEVANT FACTS

5. At all times relevant hereto, Complainant owned the property located at 3217 Louisville Avenue, Monroe, Louisiana 71201 (the "Property").

6. At all times relevant hereto, Maxum provided a policy of insurance, number BDG-3024699-03 (the "Policy"), to Complainant, which covered the Property against perils including hurricanes and provided the following coverages: $500,000 for Building (subject to 80% coinsurance) and $10,000 for Business Income, both subject to a deductible of $2,500.

7. On or around August 29, 2020, Hurricane Laura caused significant damages to Complainant's Property.

8. Complainant promptly reported the loss to Maxum, who assigned it claim number BDG-3024699-03-02-01 (the "Laura Claim").

9. On or about December 2, 2020, Tamarisk Private Adjusting inspected the Property on behalf of Complainant and created an estimate of damages, documenting $106,307.85 in damages.

10. On or around January 15, 2021, Maxum dispatched a forensic engineer to the Property, who did not provide an estimate for repair costs but determined the damaged roof shingles could be "spot repaired" and that a complete roof replacement was not warranted.

11. Maxum's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

12. Complainant then retained Colucci Law Group, along with undersigned counsel, to represent LeBlanc's in its Laura Claim.

13. Complainant promptly submitted the Tamarisk estimate to Maxum, showing the covered damages exceeded the Policy's deductible.

14. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

15. On or around April 8, 2021, after finding the Tamarisk inspection revealed additional covered amounts, Maxum issued a payment to Complainant of only $141.50.

16. No other insurance proceeds have been forthcoming.

17. As a result of Maxum's failure to timely and adequately compensate Complainant for its substantial losses, the Property remains in a state of disrepair.

18. Complainant was forced to incur the expense of retaining counsel and other expenses to prosecute its claim.

19. Upon information and belief, Maxum's failure to timely and adequately compensate Complainant for its loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

20. Upon information and belief, Maxum purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

21. Upon information and belief, Maxum conducted the investigation and claims handling for Complainant's claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

22. Upon information and belief, Maxum manipulated its pricing software to artificially suppress the cost of repairs below market value.

23. Upon information and belief, Maxum purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

24. Complainant has incurred or will incur additional expenses in repairing the Property as a result of Maxum's failure to timely compensate it for its substantial and covered losses.

25. As soon as practicable, Complainant took steps to mitigate the damages to the Property at its expense to the best of its ability under the circumstances.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

26. Complainant realleges and re-avers the allegations contained in paragraphs 1-25, above, as if restated herein.

27. An insurance contract, the Policy, exists between Complainant and Maxum.

28. The Policy provides coverages for perils including hurricanes.

29. Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, Maxum failed to timely tender adequate insurance proceeds as required by the Policy.

30. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Maxum's inspection, Maxum breached the Policy.

31. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspection of the Property, Maxum breached the Policy.

32. By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Maxum breached the Policy.

33. By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, Maxum breached the Policy.

34. Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

35. Complainant realleges and re-avers the allegations contained in Paragraphs 1-34, above, as if restated herein.

36. The actions and/or inactions of Maxum in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La R.S. §§ 22:1892 and 22:1973, making Maxum liable for statutory bad faith penalties.

37. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

38. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

39. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

40. Maxum is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with its Laura Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainant.

41. Maxum's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

42. Maxum's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

43. Maxum's failure to pay timely for damages it knew, or should have known, existed at the time it received Complainant's estimate was in bad faith.

44. Maxum's handling of Complainant's Laura Claim was in bad faith.

## IV. DAMAGES

45. Complainant realleges and re-avers the allegations contained in Paragraphs 1-44, above, as if restated herein.

46. As a result of Maxum's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to business personal property manipulation, cleaning, repair, and/or replacement;

    e. Mental anguish;

    f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

    g. Loss of revenue;

    h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; and

    i. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

### JURY DEMAND

47. Complainant requests a trial by jury.

**WHEREFORE,** Complainant, LeBlanc's U-Pak-It, Inc., prays that Defendant, Maxum Indemnity Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, LeBlanc's U-Pak-It, Inc., and against Defendant, Maxum Indemnity Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

*[signature block and service instructions on following page]*

**RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, LA Bar No. 32865
Gretchen Liljeberg Casey, LA Bar No. 40179
**Hair Shunnarah Trial Attorneys, LLC**
d/b/a Insurance Claim Lawyers, Inc.
d/b/a Insurance Claim HQ
3540 S. I-10 Service Rd. W., Ste. 3-00
Metairie, Louisiana 70001
Telephone: (504) 684-5200
Fax: (504) 613-6341
casey@hairshunnarah.com
hair@hairshunnarah.com

**PLEASE SERVE:**

**Maxum Indemnity Company**
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809